# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:14-cv-00078-MR
## [Criminal Case No. 1:11-cr-00029-MR-1]

| | |
|---|---|
| BILLY DEAN TESSENEER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** comes before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Motion to Vacate will be denied and dismissed.

## I.  BACKGROUND

Petitioner was indicted by the Grand Jury in this District on six counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts One through Six); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seven); and one count of possession of a firearm during and in furtherance

of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eight). [Criminal Case No. 1:11-cr-00029 ("CR"), Doc. 1: Bill of Indictment].

Petitioner pleaded guilty pursuant to a written plea agreement to Count One of the Bill of Indictment, and the remaining seven counts were dismissed. [CR Doc. 16: Acceptance and Entry of Guilty Plea]. Prior to sentencing, the U.S. Probation Office prepared a Presentence Report ("PSR"). In the PSR, the probation officer recommended that Petitioner be designated as a career offender pursuant to U.S.S.G. § 4B1.1(a) based on his prior convictions for felony possession with intent to sell and deliver marijuana and possession with intent to distribute marijuana. [CR Doc. 23 at ¶¶ 29, 49, 55].

Petitioner appeared before this Court for sentencing on January 23, 2013. The Court found Petitioner to be a career offender and sentenced him to a Guidelines-range sentence of 220 months' imprisonment. [CR Doc. 31: Judgment]. The Court entered its Judgment on January 30, 2013. [Id.].

Petitioner appealed to the Court of Appeals for the Fourth Circuit. On appeal, Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that her review of the record yielded no meritorious issues for appeal, but questioning (1) whether Petitioner was properly classified as a career offender and (2) whether his sentence was

2

reasonable.  Petitioner filed a *pro se* supplemental brief raising several issues, including a challenge to the calculation of his Guidelines range and a claim of ineffective assistance of counsel.  On October 2, 2013, the Court of Appeals affirmed Petitioner's conviction and sentence in all respects.  See United v. Tesseneer, 541 F. App'x 264 (4th Cir. 2013) (unpublished).  The United States Supreme Court denied Petitioner's petition for writ of certiorari on February 24, 2014.  Tesseneer v. United States, 134 S.Ct. 1350 (2014).

Petitioner filed the present motion to vacate on March 31, 2014.  In his motion, Petitioner asserts two claims of ineffective assistance of appellate counsel.  Specifically, he claims that counsel was ineffective in failing to cite to two cases that were decided while Petitioner's case was pending on direct appeal.  [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) *of the Rules Governing Section 2255 Proceedings*, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness in light of the prevailing professional norms, and (2) that there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc) (internal quotations and citations omitted). Appellate counsel "is entitled to a presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); see also Smith v. Robbins, 528 U.S. 259, 288 (2000) (appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal.") (citing Jones v. Barnes, 463 U.S. 745 (1983)).

Petitioner first contends that his appellate counsel was ineffective when she failed to draw the Circuit panel's attention to the Supreme Court's decision in Moncrieffe v. Holder, 133 S.Ct. 1678 (2013). Petitioner contends that the Moncrieffe decision "has the effect of removing him from the Career Offender Provisions" of U.S.S.G. § 4B1.1. [Doc. 1 at 4]. Contrary to

4

Petitioner's argument, however, Moncrieffe has no applicability to his case. In Moncrieffe, the Supreme Court held that an alien's state conviction for possession of marijuana with intent to distribute did not constitute an "aggravated felony" for the purposes of the Immigration and Nationality Act (INA). 133 S.Ct. at 1682. Here, Petitioner was properly designated as a career offender based on his prior controlled substance offenses. Whether those offenses constituted "aggravated felonies" under the INA is irrelevant to that analysis. Because Moncrieffe did nothing to alter this result, Petitioner's counsel was not ineffective in filing to cite this decision on appeal.

Next, Petitioner contends that his appellate counsel should have alerted his Fourth Circuit panel to the case of United States v. Davis, 720 F.3d 215, 216 (4th Cir. 2013), in which the Fourth Circuit held that a defendant's consolidated sentence under North Carolina for separate robberies was a single sentence, thereby precluding application of the career offender guideline. According to Petitioner, Davis "has the effect of substantially lowering his sentence under the United States Sentencing Guidelines." [Doc. 1 at 5]. Petitioner, however, was designated as a career offender based on two prior controlled substances (one state and one federal), which were not consolidated for sentencing. Davis simply is not

applicable to Petitioner's circumstances, and therefore appellate counsel was not ineffective in failing to argue it.

## IV. CONCLUSION

Based on the foregoing, the Court finds that the claims in Petitioner's § 2255 motion are without merit. Therefore, Petitioner's motion will be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 17, 2015

Martin Reidinger
United States District Judge